*492 OPINION
DANIEL A. RAAS, Chief Justice.
Michael Calflooking (Appellant) appeals his conviction for violating an Order of Exclusion issued against him by the Tulal-ip Tribal Court. He lists three grounds for his appeal:
(1) He was never served with the Exclusion Order barring him from entering the Tulalip Reservation, had no knowledge of its contents and therefore could not “knowingly or purposefully” have violated the order. Thus the Tribes failed to meet its burden of proof of an element of the crime of Violation of Exclusion Order. TTC 3.30.250(1)[1]
(2) A Declaration of Service by Officer Hagmann, a tribal police officer who did not testify, was improperly admitted by the Tribal Court. Without the service of pleadings averred in this declaration, the Tribes could not meet its burden of proof of all of the elements of the crime.
(3) The Tribal Court improperly ruled that the issue of whether Appellant was a member of a federally recognized Tribe of American Indians was not an element of the crime that the Tribes needed to prove beyond a reasonable doubt, but instead held that tribal membership was an affirmative defense which the Appellant failed to raise or prove. If proof of tribal membership is an element of the crime that the Tribes were required to prove beyond a reasonable doubt, the Tribes failed to prove this element.
FACTS
On April 12, 2013, the Tribes filed a Petition for Exclusion of Appellant from the Tulalip Reservation. The Petition was authorized by Resolution 2013-110 of the Tulalip Board of Directors (the governing body of the Tulalip Tribes). A Notice of Hearing accompanied the Petition, setting the Hearing on the Petition for May 22, 2013. Officer Hagmann declared that he served Appellant with the Petition, the Notice of Hearing, and a Motion for a Continuance on May 22, 2013, while Appellant was in the Snohomish County jail.[2] The Motion for Continuance is not in the record, nor is a Notice of Hearing setting a new hearing date after May 22, 2013. The parties agree that at some point an Exclusion Order barring Appellant from the restricted lands of the Tulalip Reservation was issued. Neither that Order nor a sworn statement that Appellant was served with that Order at any time prior to June 30, 2016 are in the record.
About two years later, on June 15, 2015, Appellant was arrested on the Tulalip Reservation pursuant to a Washington State *493 Department of Corrections warrant. The testimony at trial shows that neither Appellant, the arresting officers nor any of the police personnel consulted by the arresting officers had any knowledge of the Exclusion Order at the time of arrest. Appellant was served with the Exclusion Order in open court on June 30, 2015. Appellant was convicted of the crime of Violation of Exclusion Order, TTC 3.30.250(1) and subsequently appealed.
STANDARD OF REVIEW
A Trial Court’s finding of fact and inferences drawn from findings of fact are to be sustained unless clearly erroneous. TTC 2.20.090(1) and (2). This standard applies to the Trial Court’s finding that Appellant had sufficient knowledge of the contents of the Exclusion Order to convict him of a “knowingly and purposefully” violation of that Order.
A Trial Court’s conclusion of law is reviewed de novo, or without any deference to the Trial Court holding. TTC 2.20.090(4). This standard applies to the Trial Court’s admission of Officer Hag-mann’s Declaration and to the ruling that Appellant’s membership in a federally recognized Tribe of American Indians is an affirmative defense which Appellant must plead and prove by a preponderance of the evidence rather than, as Appellant claims, one of the elements of jurisdiction that the Tribes must plead and prove beyond a reasonable doubt.
DISCUSSION
Appellant asserts that he was not served with the Order of Exclusion until June 30, 2015. Thus he argues that he had no knowledge of the substance of the Order and could not form the required intent to “knowingly or purposefully” violate it before that date. Without this knowledge he maintains that his due process right to know in advance what conduct is prohibited was violated and his conviction must be overturned.[3]
TTC 2.40, Exclusion, is the Tulalip ordinance governing exclusion of persons from the Tulalip Reservation.[4] TTC 2.40.010(3) states that one of the purposes of the Exclusion Ordinance is to “provide orderly and fair procedures for the exercise of the Tribes’ exclusion power, consistent with the Indian Civil Rights Act of 1968, 25 U.S.C. 1301 et seq.” TTC 2.40.050 sets out the grounds for exclusion. TTC 2.40.060 sets out the required contents of a Petition for Exclusion. TTC 2.40.070 sets out what must be included in a Notice of the Petition for Exclusion and how service on the person who is sought to be excluded must be made. The Notice must include a statement that the hearing may result in a temporary or permanent order of exclusion. TTC 2.40.070(2)(e) (emphasis added). The Notice must be personally *494 served on the defendant pursuant to TTC 2.40.070(3).
The record reflects that a Petition, Notice and Motion for Continuance were properly served on the Appellant (subject to a ruling on Appellant’s second assignment of error). The parties agree that Appellant appeared in Court on May 22, 2013, the date required by the Notice, and that on that day the Trial Court granted the Motion for Continuance. And the parties agree that the Appellant did not appear at the subsequent hearing at which a valid Order of Exclusion was issued. It is unclear whether a Proposed Order of Exclusion was included in the pleadings served on Appellant, although the Tribes maintain that it was. However, the Petition for Exclusion, the Notice, the Motion for Continuance, the Proposed Order of Exclusion—assuming that one was included with the Petition and Notice—and the Order of Continuance—again assuming one was issued—are not in the record before us. The Trial Court recording of the hearing at which the Order of Exclusion was considered and entered is also not in the record before us. Nor does the record contain the Exclusion Order as entered by the Tribal Court, which the parties agree was served upon Appellant on June 30,2015.
An order of exclusion must be served on the person excluded. TTC 2.40.070(10).[5] The record before us contains no evidence that the Exclusion Order was served on the Appellant before his arrest on June 15, 2015. Appellant was convicted of violating TTC 3.30.250(1). Part of the prosecution’s burden of proof under this ordinance is to introduce evidence that proves beyond a reasonable doubt that a defendant “knowingly or purposefully” entered onto the restricted lands of the Tulalip Reservation in violation of an Exclusion Order. The Appellant cannot knowingly or purposefully enter the Tulalip Reservation in violation of an exclusion order which has not been properly served upon him.[6]
The Trial Court accepted the Tribes’ argument that Appellant was on constructive notice of the contents of the Exclusion Order because he had been served with the Petition for an Order of Exclusion and the Notice of Hearing. The Notice, argues the Tribes, warns Appellant that failure to appear at the hearing may result in an Order of Exclusion entered against him. Thus, when Appellant failed to appear at the actual hearing at which testimony was taken and the Exclusion Order was issued, he was on constructive notice of the terms of the Exclusion Order. This constructive notice, argues the Tribes, is sufficient to satisfy the “knowingly or purposely” element of the offense. This constructive notice argument relies on there being a proposed order of exclusion in the pleadings served by Officer Hagmann on defendant. Such a proposed order is not in the record. This argument fails in light of TTC 2.40.070(10) which requires that the “order for exclusion shall be served on the respondent” (here the Appellant). The exclusion ordinance sets out the notice that a subject of an exclusion order is to be given, thereby setting the standard by which “knowingly or purposefully” is to be measured when charging a defendant under TTC 3.30.250(1). Without proof of compliance with the ordinance the Tribes’ con *495 structive notice argument in this case cannot stand.[7]
The Tribes’ argument is also flawed because it assumes that a proposed order of exclusion, if served with the Petition for Exclusion, gives notice of the substantive terms of a final order of exclusion that will be entered if the respondent fails to appear at the hearing. Initially, the notice states only that an order of exclusion may be entered. This leaves open the possibility that a final order of exclusion issued after the presentation of evidence and consideration by the Trial Court, may contain some, all, or different provisions than those of the proposed order, if a proposed order were served on the respondent. The purpose of a hearing is to establish the facts supporting the relief that the Petition seeks. Even at a hearing at which the respondent does appear, the petitioner may not be able to establish all of the facts that would support the relief sought in the proposed order of exclusion. One of the purposes of review by the Tribal Court is that the Judge may find matters in the Petition or the proposed order which should not be included in or may have been omitted from the proposed order. See e,g., TTC 2.40.130, authorizing entry by an excluded person onto the Reservation for funerals. Failure of a respondent to attend the hearing at which testimony is taken and the order of exclusion is issued is insufficient to give a respondent notice that a proposed order of exclusion will be identical to the actual order which is issued. In this case, the record does not have the record of the hearing at which the evidence was taken and the Exclusion Order issued, the actual Exclusion Order, or a proposed order of exclusion, if one were included in the packet Officer Hagmann served on Appellant.
For either of these reasons, the Trial Court’s conclusion that Appellant “knowingly or purposely” violated the Exclusion Order is clearly erroneous and must be reversed.
In fight of this disposition of Appellant’s first assignment of error, consideration of his other two claims is unnecessary.
CONCLUSION
The conviction of Appellant of the crime of Violation of Exclusion Order is reversed.
ELIZABETH NASON, Associate Justice, JOHN SLEDD, Associate Justice

. 3.30.2S0 Violation of exclusion order.
(1) A person commits the offense of violation of an exclusion order by knowingly or purposely entering onto the restricted lands of the Tulalip Indian Reservation in violation of an order of exclusion issued by the Tulalip Court.

. The admission of this Declaration for the substantive proof that service was made is Appellant’s second assignment of error.

. We note that, in order to be subject to the general criminal jurisdiction of the Tulalip Tribes, Appellant must be a member of a federally recognized Tribe of American Indians, 25 U.S.C. 1301(2), United States v. Lara, 541 U.S. 193, 194, 124 S.Ct. 1628, 158 L.Ed.2d 420 (2004). In addition, pursuant to TTC 4.25, Domestic Violence, the Tribes may prosecute persons who are not members of a federal recognized Tribe. There is nothing in the record to indicate that the provisions of TTC 4.25 are involved in this prosecution. For the purposes of the discussion of this portion of his appeal we will assume that Appellant is a member of a federally recognized Tribe of American Indians, with the caveat that Appellant’s third assignment of error is which party, Appellant or the Tribes, bears the burdens of proof and of going forward on this point.

. TTC 2.40.040 states that any person, regardless of tribal membership, may be excluded from the Tulalip Reservation under this chapter.

. TTC 2.40.070(10) Order of Exclusion—Service. An order for exclusion shall be served on the respondent in the manner prescribed for civil process under Chapter 2.10 TTC for service of notice, (emphasis added).

. The record below shows that no one, including the relevant law enforcement personnel, had any knowledge of the existence of or the terms of the Exclusion Order at the time Appellant was arrested for other reasons.

. No opinion is expressed as to whether actual knowledge of the terms of an exclusion order absent service pursuant to TTC 2.40.070(3) would be sufficient to support a conviction under TTC 3.30.250(1).